Chen v. Sessions

BIA
Poczter, IJ
A201 128 213

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

LE NAN CHEN,
> *Petitioner,*

v.                                          16-1721
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Stuart Altman, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Keith I. McManus, Assistant Director; Juria L. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Le Nan Chen, a native and citizen of the People's Republic of China, seeks review of a May 17, 2016, decision of the BIA affirming a February 19, 2015, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Le Nan Chen,* No. A201 128 213 (B.I.A. May 17, 2016), *aff'g* No. A201 128 213 (Immig. Ct. N.Y. City Feb. 19, 2015).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness."  *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  The applicable standards of review are well established.  8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on an applicant's "demeanor, candor, or responsiveness," as well as inconsistencies in an applicant's statements, between an applicant's and witness's testimony, or between an applicant's testimony and other record evidence, regardless of whether any such discrepancies "go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Two material inconsistencies regarding Chen's practice of Christianity in the United States provide substantial evidence for the IJ's adverse credibility determination. Chen's testimony that he had attended church every Wednesday since December 2010 conflicted with a letter from his church, which states that he had attended only 31 to 35 times between January 2011 and August 2013. The IJ reasonably declined to credit Chen's explanation that he

3

sometimes forgot to sign in because it contradicted his prior testimony that he signed in every time he attended church. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Additionally, while Chen testified that he met his church witness in the summer of 2011, Chen's witness testified that he met Chen in the summer of 2013. Chen gave no explanation for this two-year discrepancy. Particularly when considered together, these inconsistencies about the length and frequency of Chen's church attendance in the United States undermine his claim that he is a practicing Christian. In turn, the lack of credibility about that fact calls into question whether Chen was a practicing Christian in China and whether he suffered persecution on account of that practice. *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony

4

may (if attributable to petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

The adverse credibility determination is further bolstered by the IJ's demeanor finding, to which we defer. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

These material inconsistencies relating to Chen's practice of Christianity, as well as the IJ's demeanor finding, provide substantial evidence for the adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii). Because Chen's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk